# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SEAFREEZE SHORESIDE, INC., *et al.*,

                Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, *et al.*,

                Defendants,

   v.

VINEYARD WIND 1 LLC,

                Intervenor-Defendant

Civil Action No. 1:22-cv-11091-IT

Hon. Indira Talwani

## VINEYARD WIND 1 LLC'S OPPOSITION TO PLAINTIFFS' MOTION
## FOR LEAVE TO FILE TWO ADDITIONAL DECLARATIONS

Vineyard Wind 1 LLC ("Vineyard Wind") opposes Plaintiffs' Motion for Leave to File Two Additional Declarations (the "Declarations") In Support of Their Motion for Stay or, in the Alternative, Motion for Preliminary Injunction (the "Motion"). Doc. No. 124. The Plaintiffs' request to supplement the record is untimely. Yet even if the request were timely, the Court should reject the Declarations on the ground that they are substantively deficient. As discussed below, the two proffered Declarations fail to meet the basic substantive requirements for declarations.

***The Motion is untimely.***  The Plaintiffs provide no explanation for why they waited until after they filed their preliminary injunction motion ("PI Motion") to seek leave to file these declarations. Nor can they. Not only do these Declarations address issues that the Plaintiffs *could* have anticipated in the PI Motion, but they in fact address issues that the Plaintiffs *did* anticipate in the PI Motion. The declaration from Bonnie Brady (who has already submitted declarations in this case) addresses the adequacy of the compensation fund, something that David Aripotch (her

husband) addressed in his declaration in support of the PI Motion. Meghan Lapp's declaration not only addresses the compensation fund, but also, for example, the alleged effects construction may have on the on the squid, such as noise -- all issues that the Plaintiffs' PI Motion actually addressed.

The only justification Plaintiffs provide for seeking to "supplement" now is that the filing is "necessary to address the issues of irreparable harm and the balance of the equities criteria that were addressed in the four declarations accompanying Vineyard Wind's opposition to the Seafreeze motion." Doc. No. 124 at 1. Yet Vineyard Wind's filing simply responded to the issues Plaintiffs raised in their PI Motion. Consequently, the Motion is one of two things: either it is a reply to Vineyard Wind's Opposition or a supplement to the original PI Motion. In either case the Court should deny the Motion. The Court has already said it will not allow a reply; and the Plaintiffs cannot, and have not, provided any basis for their decision to omit the two Declarations from their original PI Motion.  Indeed, the Motion is simply the Plaintiffs' attempt to circumvent the Court's direction at the status conference that it would limit the PI hearing to the declarations filed with the PI Motion.[1]

***The Declarations are substantively deficient.*** The Declarations also fail to establish that the witnesses are competent to provide the testimony within them. As discussed in Vineyard Wind's opposition, Doc. No. 122 at 11 n.2, the First Circuit has not determined whether the Federal Rules of Evidence apply at the preliminary injunction stage but many courts have applied them in order to ensure that any ruling on a motion for preliminary injunction has adequate evidentiary support. Yet regardless of whether the statements within the Declarations meet the admissibility

---

[1] Permitting the Plaintiffs to supplement the PI Motion with the Declarations at this late date would also unfairly prejudice Vineyard Wind, since it would have to prepare to cross-examination two additional witnesses with less than two days lead time.

requirements of the Federal Rules, declarations must still establish the competency of the witness and the relevance of the information. Neither Declaration meets those standards.

Lapp's Declaration opines on BOEM regulations and the Outer Continental Shelf Lands Act ("OCSLA"), Doc. No. 124-1 ¶¶ 3-9, 23, the financial capacities of both BOEM and Vineyard Wind, *id.* ¶¶ 10-12, the adequacy of seafood processors' representation on the Rhode Island Fisherman's Advisory Board, ¶¶ 13-16, the economics of squid fisheries, ¶¶ 17-18, impacts to marine radar, ¶¶ 19-23, various purported environmental impacts to longfin squid. ¶¶ 26-32, and BOEM's leasing process. *Id.* ¶ 33. This Declaration includes improper opinions on the law, expert opinions as to which the Declaration fails to establish Lapp's competency as an expert, matters as to which she has no personal knowledge, and opinions that are wholly irrelevant. For instance, Lapp raises various procedural complaints about the Rhode Island Fisherman's Advisory Board, *id.* ¶¶ 15-16, raising issues of state law beyond the scope of their PI Motion.

Further, much of Lapp's Declaration addresses problems related to the project as a whole over its expected lifespan. *See, e.g.,* Doc. No. 124-1 ¶¶ 10-12. Yet a preliminary injunction has a much more narrow scope. It is designed to prevent harms arising before the Court can issue an opinion on the merits. "If a case can be adjudicated on the merits before the harm complained of will occur, there is no sufficient justification for preliminary injunctive relief." *Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 74 (1st Cir. 2004). Allegations of monetary losses "over the 30-year life of the project," Doc. No. 124-1 ¶ 18, are beyond the scope of a preliminary injunction and irrelevant.

The Brady Declaration is similarly infirm. It complains that New York commercial fishermen were "completely ignored" when BOEM established the Massachusetts Wind Energy Area back in 2011, Doc. No. 124-2 ¶ 4, were "never even mentioned" in the 2014 Environmental

Assessment for Vineyard Wind's lease, *id.* ¶ 5, and were not given a "say in excluding areas of economic importance," at the time of the Draft Environmental Impact Statement. *Id.* ¶ 6. These complaints are irrelevant to whether any Plaintiff can be adequately compensated for whatever losses they may incur. And the Declaration's statement that the supposed deficiency of the compensation fund makes it "arbitrary and capricious," *see* ¶¶ 7-12, not only constitutes improper legal testimony, but does not even involve legal claims raised in Plaintiffs' motion for a preliminary injunction. *See generally* Doc. No. 116 at 4-9 (arguing that Plaintiffs are likely to succeed on different grounds).

For all these reasons, the Court should deny the Motion.

Dated: May 22, 2023

Respectfully submitted,

David T. Buente, Jr. (*pro hac vice*)
Peter C. Whitfield (*pro hac vice*)
James R. Wedeking (*pro hac vice*)
Brooklyn Hildebrandt (*pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
dbuente@sidley.com
pwhitfield@sidley.com
jwedeking@sidley.com
bhildebrandt@sidley.com

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
Sidley Austin LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

*Counsel for Vineyard Wind 1 LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of May 2023, a true and correct copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record for Plaintiffs and Defendants via the Court's electronic filing system.

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo
